Podlach v. Village of Southampton

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand nineteen.

Present:     AMALYA L. KEARSE,
             RALPH K. WINTER,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

ELIZABETH PODLACH,

                  *Plaintiff-Appellant*,

          v.                                           17-2147

VILLAGE OF SOUTHAMPTON, SOUTHAMPTON VILLAGE
POLICE DEPARTMENT, ASHLEY E. JONES, POLICE OFFICER,

                  *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Elizabeth Podlach, pro se, Hampton Bays, N.Y.

Appearing for Appellees:     Jeltje deJong, Devitt Spellman Barrett, LLP, Smithtown, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

---

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Elizabeth Podlach, pro se, appeals from the June 9, 2017, judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), adopting the magistrate judge's report and recommendation and dismissing Podlach's amended complaint, which alleged civil rights violations and state law causes of action, for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court referred Defendants-Appellees' motion to dismiss Podlach's amended complaint to a magistrate judge. The magistrate judge issued a report and recommendation on May 11, 2017, recommending that the district court dismiss the amended complaint in its entirety for failure to state a claim. The report and recommendation stated that the parties were required to file any objections within fourteen days of receiving the report and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." *Podlach v. Village of Southampton*, No. 14-cv-6954, 2017 WL 4350433, at *13 (E.D.N.Y. May 11, 2017). Podlach did not file any objections to the magistrate judge's report and recommendation, and the district court adopted the report and recommendation in its entirety.

"We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). Waiver is not jurisdictional, and "we may excuse the default in the interests of justice" after considering, "among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (internal quotation marks omitted).

The magistrate judge specifically articulated the consequences of a failure to file objections to the recommendation and report, and we decline to exercise our discretion to review the district court's judgment because the magistrate judge's recommendation was not plainly erroneous. Podlach has not pointed to any binding precedent indicating that the police officer who aimed his weapon at her acted objectively unreasonably "in light of the facts and circumstances confronting" him. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Nor has Podlach established that the magistrate judge committed plain error in finding that there was probable cause for her arrest based on her plea of guilty to disorderly conduct, defeating her claims for false arrest and First Amendment retaliation.[2]

---

[2] Podlach's brief does not address her claims concerning the conditions of her confinement and access to counsel, her conspiracy claims, her state law claims, or the magistrate judge's recommendation not to grant additional leave to amend. These issues are thus abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

We have considered the remainder of Podlach's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk